Matter of New York Found. for Senior Citizens v Hamilton (2019 NY Slip Op 02044)





Matter of New York Found. for Senior Citizens v Hamilton


2019 NY Slip Op 02044


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8748 500017/17

[*1]In re New York Foundation for Senior Citizens, etc., Petitioner-Respondent,
v
William Hamilton, Respondent. 
1983 Heights, LLC, Nonparty Appellant.


Rose & Rose, New York (James E. Bayley and Eric Steiglitz of counsel), for appellant.
Morris K. Mitrani, P.C., New York (Morris K. Mitrani of counsel), for respondent.



Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about February 27, 2018, which granted petitioner guardian's motion to vacate a stipulation of settlement, entered in Civil Court, New York County (Jack Stoller, J.), on or about June 7, 2016, in a holdover proceeding brought by nonparty appellant 1983 Heights, LLC (landlord), against William Hamilton (respondent), unanimously affirmed, on the law and the facts, without costs.
The court properly exercised its discretion to vacate the stipulation, which was so-ordered by the Housing Court without allocuting respondent. Although stipulations of settlement are generally favored and will not lightly be set aside, a court may exercise its discretion to do so where there is a showing of "fraud, collusion, mistake, accident, or some other ground of the same nature," including a showing that a party
"has inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice
. . . Where both parties can be restored to substantially their former position the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (In re Frutiger's Estate, 29 NY2d 143, 149-150 [internal citations omitted] [1971]).
Here, Supreme Court correctly found that respondent lacked capacity to enter into the stipulation. Appellant nonparty landlord argues that the Housing Court had already recognized respondent's inability to adequately defend his rights by appointing a GAL pursuant to Article 12 of the CPLR (see CPLR 1201, 1202). However, after she was appointed, the GAL implicitly recognized that respondent needed much greater assistance, because she referred respondent to Adult Protective Services. The GAL did not have the benefit of the more detailed evidence which petitioner presented in this Article 81 proceeding that led to the appointment of a guardian of his personal needs and property. Moreover, as we held in Prospect Union Assoc. v DeJesus, "A GAL is not a decision-making position; it is an appointment of assistance" (167 AD3d 540, 542 [1st Dept 2018] [internal citations and quotation marks omitted]). Therefore, we reject the landlord's argument that it was entitled to rely on the GAL's acquiescence to the Stipulation.
The evidence presented set forth respondent's longstanding medical history documenting his significant intellectual development disabilities since childhood, and his more recent [*2]diagnosis of autism spectrum disorder. The Article 81 Court Evaluator pointed out that, while respondent may "initially appear[] to be highly functioning," he is, because of his disability, confused by simple tasks and "unable to retain information for any period of time or to adequately process it to prevent harm to himself or his interests, despite the information's recent discussions." Under these circumstances, the Supreme Court properly determined that respondent lacked capacity to enter into the stipulation (see Matter of Embassy House Eat LLC v Dyan P, 151 AD3d 483 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK